June 8, 1908.

———o———

## No. 4026.

(Court of Appeal, Parish of Orleans.)

### RAMONEDA BROS. VS. J. MIKLETISCH.

The privilege which is accorded by Act 33 of 1882 to any person advancing money or furnishing supplies to enable another to deaden, cut, haul, float or raft any logs or forest timber upon such logs or timber, covers staves cut from such logs or forest timber.

R. J. Maloney, for Plaintiff and Appellee.

Ross Brazeale, Curator ad hoc for Defendant.

Clegg & Quintero, Attorney for Geo. R. Gragard & Co., Ltd., Appellant.

Denegre & Blair & Denegre & V. Leovy, Attorneys for Defendant.

MOORE, J. This is a controversy between attaching creditors who assert a privilege, pre-existing to the attachment on the goods attached, and consignees who have made advances on the faith of the bills of lading for the goods, delivered to them before the levy, to be paid by priority out of the proceeds of the sale of the goods.

The facts are that defendant, Mikletisch, was a "swamper" engaged in getting out and shipping to market, staves; that plaintiffs, Ramoneda Brothers, had advanced defendant money and

233

furnished him supplies for this purpose in the sum of $744.53; that plaintiff firm is a resident creditor of this State, of Mikletisch; that three car loads of staves thus gotten out by defendant were shipped by him to the George R. Gragard Company, Ltd., who, upon receipt of the bills of lading therefor, advanced to the shipper the sum of $200.00; that the staves were attached by plaintiffs in the hands of the carrier and were, subsequently, and by agreement of all parties, sold by the Gragard Company, the proceeds of sale ($585.37-100) being deposited in the Registry of the Court to await further orders of Court; that a final judgment was rendered in favor of plaintiff and against defendant for the amount of the claim sued for in their attachment suit, maintaining the attachment and recognizing the privilege thereunder, and that a writ of fi fa duly issued.

Subsequently plaintiff took out a rule on the Gragard Company, citing it, to show cause why the fund thus deposited in the Registry of the Court "should not be made responsive to the writ (of fi fa, supra) and the said sum turned over from the Registry of the Court to the Civil Sheriff to be credited on the writ of fi fa."

The rule was made absolute and the Gragard Company, Ltd., appeals.

It is not disputed that the Gragard Company, Ltd., as the consignee of the goods, have a privilege thereon for the advances made ont he faith of the bills of lading, under the provisions of Art. 3247 of the Civil Code, which provides, *inter alia*, that " * * * Every consignee, commission agent or factor shall have a privilege, preferred to any attaching creditor, on the goods consigned to him for any balance due him, whether specially advanced on such goods or not; provided, that they have been received by him, or an invoice or bill of lading has been received by him previous to the attachment * * * ."

So also is it conceded that if Ramoneda Bros. have a privilege pre-existing on the goods, such privilege is superior to and primes that of the Gragard Co., Ltd., this resulting from the last proviso to this article, which reads:

"* * * That the privilege established by this article shall not have a preference over a privilege pre-existing on the goods aforesaid in behalf of a resident creditor of this State."

The advances in money and supplies made by the plaintiffs to defendant for the purpose stated were made long before the staves were shipped and, consequently, long before any advances were made by the consignee; and the plaintiffs, as stated *supra* are "resident creditors of this State." The remaining question is, therefore, have they a privilege on the goods for these advances?

This question must be answered in the affirmative. This privilege, and for the character of the debt claimed by plaintiffs, is accorded by Act No. 33 of 1882 which reads as follows:

"That any person advancing money or furnishing supplies to enable an other to deaden, cut, haul, float or raft any logs or forest timber shall have a privilege upon such logs or timber."

It is contended by the appellant that plaintiffs have no privilege for their advances, forasmuch as the goods on which the privilege is asserted are only "staves" and not "logs or forest timber;" and it is argued that "only heavy pieces of timber suitable to be sawed and worked up into other forms were in contemplation of the lawmaker for the words used in the act are 'to deaden, cut, haul, float or raft,' which describe the steps necessary to bring logs and lumber to a sawmill and have no meaning when applied to staves."

This argument cannot be admitted. Staves are cut from "logs or forest timber," and the act, *supra,* specifically accords a privilege in favor of him who advances money or supplies" to enable another to *cut* \* \* \* logs or forest timber." The result of the "cut" of the "logs or forest timber" at the mill, to which they may have been "hauled, floated or rafted," may be cross-ties or cross-beams, pilings or planks, scantlings or staves, or they may be fashioned into whatever form it pleaseth the owner to have the saw give them, yet that privilege operates, in the language of the Act "upon *such* logs or timber," thus 'deadened,' or 'cut,' or 'hauled,' or 'floated,' or 'rafted,' whatever physical conformation they take on when cut.

There is no error in the judgment appealed from and it is affirmed.